# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>TIDEWATER MARINA HOLDING, L.C.,<br><br>Debtor. | Case No.  09-10480-RGM<br>(Jointly Administered with<br>Case No. 09-10481-RGM)<br>(Chapter 11) |
| TIDEWATER MARINA HOLDING, L.C.<br>and<br>TIDEWATER MARINA MANAGEMENT, L.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHAMPION TITLE & SETTLEMENTS, INC., *et. al.,*<br><br>Defendants. | Adv. Proc. No. 10-1121 |

## MEMORANDUM OPINION

THIS adversary proceeding is a companion case to the debtor's objection to the proof of claim filed by Robert L. and Lindalee B. Fitton (Proof of Claim 6-1). Raymond A. Yancey is the assignee for benefit of creditors of Equity Homes LLC. He filed a proof of claim asserting a right to a deposit being held by a third party under the Real Estate Purchase Agreement between Equity Homes LLC and the debtor. The Fittons are the holders of a secured note arising from that transaction.

Mr. Yancey asserts that the deposit should be returned to him as assignee because the debtor breached the Real Estate Purchase Agreement. The debtor denies that it breached the contract. It asserts that Equity Homes breached the contract and that it is entitled to the deposit.

1

The Fittons assert that they, not the debtor, are entitled to the deposit if Equity Homes breached the contract because the deposit is subject to their security interest. If the debtor is entitled to the deposit, the Fittons should receive it because of their lien.

The debtor asserts that the deposit should be turned over to it because Equity Homes breached the contract and is not entitled to the deposit and because it has an offset against the Fittons' note larger than the balance due on the note.

In the Memorandum Opinion accompanying the Fitton's motion for summary judgment in the contested matter in which the debtor objects to their claim, the court declined to grant summary judgment on the issue of who defaulted under the contract.

In this adversary proceeding, Mr. Yancey filed a declaration and answers to his request for admissions from the debtor in which the debtor admitted that there had been no final inspection and that the work had not been finally approved before the date required by the contract. The contract, though, is at variance with the apparent procedures of the Corp of Engineers. The extension of the permit does not require a final inspection by the Corp of Engineers, only the execution of a completion certificate. This is supported by the declaration of Greg Gardy discussed in the companion Memorandum Opinion.[1]

The debtor's admissions are not sufficient to show that it breached the contract. Mr. Gardy's declaration states that the work was timely completed. The record is clear that no final inspection was required by the Corp of Engineers. The record is unclear as to whether anything remained to be done in order for the contractual provisions to be satisfied before the expiration of the permit.

---

[1] The debtor incorporated its responses in the contested matter into this adversary proceeding.

Mr. Yancey's motion for summary judgment and the Fittons' motion for summary judgment will be denied.

DONE at Alexandria, Virginia, this 3rd day of January, 2011.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

George R. Pitts
Stephen E. Leach
Jack I. Frankel
Jeffery T. Martin, Jr.

16535